Case 4:23-cv-03493   Document 13   Filed on 04/22/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 22, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLIN C.,[1] | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 4:23-cv-3493 |
| v. | § | |
| | § | |
| MARTIN O'MALLEY, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Plaintiff Collin C. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"). In his brief, which the Court construes as a motion for summary judgment,[2] Plaintiff seeks an order remanding the case for an award of

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] *See Benavides v. Saul*, No. 2:21-CV-00095, 2022 WL 3701170, at *1 (S.D. Tex. Aug. 26, 2022) (construing parties' briefs as cross-motions for summary judgment).

1

benefits or further consideration, arguing the ALJ failed to consider non-severe mental impairments in Plaintiff's RFC and failed to properly evaluate the record's medical opinions. Pl.'s Brief, ECF No. 10. Defendant does not address Plaintiff's arguments but requests the Court reverse and remand the case to the Commissioner. Def.'s Mot., ECF No. 12. Plaintiff does not oppose Defendant's motion. ECF No. 12 at 3. Based on the record and the applicable law, the Court finds Defendant's motion to reverse and remand should be granted.

## I. BACKGROUND

Plaintiff is 32 years old and has a high school education. R. 34.[3] Plaintiff worked as a cashier and a stocker. R. 97–98. Plaintiff alleges a disability onset date of November 1, 2017. R. 25. Plaintiff claims he suffers physical and mental impairments. R. 87, 101.

On July 8, 2020, Plaintiff filed his application for Social Security income under Titles II and XVI of the Act. R. 23. Plaintiff based his application on patellar tracking disorder, PTSD, anxiety, and back problems. R. 87, 101. The Commissioner denied his claim initially, R. 114–15, and on reconsideration, R. 150–51.

A hearing was held before an Administrative Law Judge ("ALJ"). R. 58–85. An attorney represented Plaintiff at the hearing. R. 60. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 58–85. The ALJ issued a decision denying

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 8.

Plaintiff's claims for benefits.[4] R. 20–39. The Appeals Council denied Plaintiff's request for review, affirming the ALJ's denial of benefits. R. 7–12. Plaintiff filed this action, appealing the determination. ECF No. 1.

## II.  REMAND IS APPROPRIATE.

Defendant requested the Court reverse and remand the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings and enter a final judgment. ECF No. 12. Defendant stated that Plaintiff does not oppose the motion. *Id.*

A district court, reviewing final agency decisions on Social Security benefits, may remand only pursuant to sentence four[5] or sentence six[6] of § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). A sentence four remand "authorizes a court to

---

[4] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 35. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in the national economy that Plaintiff can perform, and therefore, was not disabled. R. 34.

[5] Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four.

[6] Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g), sentence six. A sentence six remand "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2 (citing § 405(g), sentence six). Because the Commissioner already answered, ECF No. 8, and has not presented any new evidence, ECF No. 12, sentence six is not applicable here.

enter a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting § 405(g), sentence four) (quotations removed). Also, for a sentence four remand, the district court has the power to enter the order "upon the pleadings and transcript of record." 42 U.S.C. 405(g). "The Supreme Court has noted that a remand for further administrative proceedings, such as the requested remand in the instant case, is a sentence four remand." *Colene G. v. Kijakazi*, No. 4:23-CV-460, 2023 WL 4494361, at *2 (S.D. Tex. July 12, 2023) (cleaned up). A sentence four remand requires entry of a judgment. *Id.*

Here, Defendant requests reversal and remand "for further administrative proceedings." ECF No. 12 at 1. A request for reversal and remand based on a request for further administrative proceedings is equivalent to the need for further factfinding and is thus proper pursuant to § 405(g). *Id.* Therefore, pursuant to § 405(g), reversal and remand are proper along with entry of a final judgment. *See id.*; *see also Judge H. v. Comm'r of Soc. Sec.*, No. 4:21-CV-3595, 2022 WL 16577317, at *2–3 (S.D. Tex. Oct. 31, 2022).

### III. CONCLUSION

The Court **ORDERS** that Defendant's motion to reverse and remand, ECF No. 12, is **GRANTED**. Accordingly, the Commissioner's determination that Plaintiff is not disabled is **REVERSED**. This case is **REMANDED** to the

Commissioner for further proceedings. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice** and Plaintiff's motion for summary judgment, ECF No. 10, is **DENIED** as moot. The Court will enter a separate final judgment.

**SIGNED** at Houston, Texas, on April 22, 2024.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**